IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUBY POWELL,                         :

    Plaintiff,                    :
vs.                                                    CA 05-0318-BH-C
                                             :
JO ANNE B. BARNHART,
Commissioner of Social Security,     :

    Defendant.

**REPORT AND RECOMMENDATION**

On June 8, 2005, the undersigned entered an order denying plaintiff's motion to proceed *in forma pauperis* and setting a deadline of July 8, 2005 for plaintiff to pay the $250.00 filing fee or otherwise amend her motion with evidence establishing her entitlement to proceed without the prepayment of a filing fee. (Doc. 3) Even though plaintiff failed to respond to this order (*see* Docket Sheet), the undersigned recognized by order dated July 27, 2005, that authority to enter the foregoing order has been questioned in light of the recent decision in *Lister v. Department of the Treasury*, 408 F.3d 1309 (10th Cir. May 25, 2005) wherein the Tenth Circuit held that the issue of IFP status is a dispositive matter (Doc. 4). *See Lister*, 408 F.3d at 1312 ("Our sister circuits have held that magistrate judges have no authority to enter an order denying IFP

status. . . . Because this was a dispositive matter, under Fed.R.Civ.P. 72(b), the magistrate judge should have only issued a report and recommendation for a decision by the district court."). Nevertheless, the undersigned again ordered plaintiff to amend her IFP motion with evidence establishing her entitlement to proceed without the prepayment of the filing fee on the basis that *Lister* does not circumscribe a magistrate judge's ability to garner financial information relevant to the IFP status inquiry. (Doc. 4) In response to this order, plaintiff's attorney, on August 9, 2005, filed a self-titled amended motion for leave to proceed in forma pauperis, the sole contents of same which are the following: "The Plaintiff again moves the Court for an order permitting this case to be filed in forma pauperis, pursuant to the provision of Title 28, United States Code, Section 1915, an affidavit in support thereof was previously submitted. The affidavit reflects the fact that the plaintiff has no income and no assets. Contrary to the suggestion of the Court, the plaintiff has been unable to pay the filing fee through the help and assistance of a family member. Therefore, we humbly request the Court to reconsider its former Order date[d] June 8, 2005[1] and allow the plaintiff to proceed in forma pauperis." (Doc. 5)

---

[1] As previously indicated, the undersigned's order dated June 8, 2005 (Doc. 3) denying plaintiff's IFP motion was effectively withdrawn by the order dated July 27, 2005 since, under *Lister*, there is a question as to a magistrate judge's authority to enter an order denying IFP status to a requesting plaintiff (Doc. 4).

Authority for granting plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Lister, supra*, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921-922, 8 L.Ed.2d 21 (1962). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 147 L.Ed.2d 787 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in

3

denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975); *see also Lister, supra*, 408 F.3d at 1312 ("Consistent with the language of § 1915(a)(1) that gives a district court discretion to grant permission to proceed IFP, we review the district court's denial of IFP status for an abuse of discretion.").

"[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312 (citation omitted); *see also Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997) ("In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious."). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D. Tex. 1998) (citations omitted). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay'

4

the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978); *see Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application.").

     The undersigned's review of the complaint and motion, as amended, does not imbue the Court with any more information than that revealed in the initial motion and complaint (*compare* Doc. 5 *with* Docs. 1 & 2); therefore, the undersigned again is in the position of recognizing that while it is clear that plaintiff is a single mother of three who is unemployed and has no assets or money in the bank, she also has no debts whatsoever, receives food stamps, and lives in a trailer owned by her family (*see* Doc. 2). This information continues to suggest to the undersigned that plaintiff can obtain the necessary funds to pay

5

the filing fee from her family and still be provided with the necessities of life, notwithstanding counsel's unsworn statement that "plaintiff has been unable to pay the filing fee through the help and assistance of a family member[]" (Doc. 5),[2] because neither the family member who owns the trailer plaintiff lives in, nor the plaintiff, has come forward with the evidence referenced in the July 27, 2005 order which establishes for this Court that plaintiff cannot get from this unnamed family member the filing fee and still be provided the necessities of life.[3]

## CONCLUSION

In light of the foregoing, the undersigned is constrained to recommend that the Court deny plaintiff's motion to proceed *in forma pauperis*, as amended (Docs. 2 & 5).

The attached sheet contains important information regarding objections

---

[2] The simple fact that plaintiff has not paid the $250.00 filing fee does not establish that she has been unable to pay same through the assistance of her family. This could simply reflect that plaintiff, or her family, is unwilling to pay the filing fee.

[3] Such evidence could have come in the form of affidavits from plaintiff and the family member who owns the trailer in which plaintiff and her children live rent-free stating the reasons why the filing fee cannot be paid in this case. In addition, plaintiff certainly could have amended the petition to reveal that, in fact, she does have creditors (e.g., utility, doctor, credit card bills, etc.), and that her monthly outflow of money exceeds that which she receives in monthly assistance.

to the report and recommendation of the Magistrate Judge.

**DONE** this the 12th day of August, 2005.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                      s/WILLIAM E. CASSADY
                                      UNITED STATES MAGISTRATE JUDGE

9